IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MAURICE MORRELL STEWART, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-07-42-F |
| | ) | |
| DAVID PARKER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

SUPPLEMENTAL  REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  This matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).   The undersigned finds:

(l)  That the Petitioner is presently a prisoner in the custody of the James Crabtree Correctional Center, Helena, Alfalfa County, Oklahoma, which is located within the territorial jurisdiction of the Western District of Oklahoma.  28 U.S.C. §116(c).

(2)   That the Petitioner demands his release from such custody and as grounds therefore alleges he is being deprived of his liberty in violation of his rights under the Constitution of the United States.

(3)   That the court which imposed upon Petitioner the judgment of conviction and sentence under attack was the District Court of Tulsa County, Oklahoma, which is located within the territorial jurisdiction of the Northern District of Oklahoma.  28 U.S.C. §116(a).

(4)  The Northern District of Oklahoma, as the place of conviction, and the Western District of Oklahoma, as the place of custody, have concurrent jurisdiction to entertain the application for writ of habeas corpus.  28 U.S.C. §224l(d).

It is a long-standing policy of this Court, see Gloria Curls v. Mary Livers, Case No. CIV-89-1310 (W.D.Okla. 1989) (Opinion and Order), that justice would be better served by the adjudication of habeas petitions in the district court where the conviction was entered because this is the district where the trial was conducted, trial court officials and records are located, where trial counsel for the prosecution and the petitioner are ostensibly available, and potential witnesses usually reside.  These factors are particularly germane to the instant matter considering the issues raised in the Petition.

This Court, in its discretion and the furtherance of justice, may transfer this application to the United States District Court for the Northern District of Oklahoma, the district where the conviction and sentence under attack occurred.  28 U.S.C. §2241(d). Balancing the convenience of the two forums and in the interests of justice, the federal court

in the Northern District of Oklahoma is the appropriate court to determine the merits of the Petition.

<u>RECOMMENDATION</u>

Accordingly, it is recommended that this Petition for a Writ of Habeas Corpus be transferred to the United States District Court for the Northern District of Oklahoma for determination.  The Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court on or before _____ March 15th , 2007, in accordance with 28 U.S.C. §636 and LCvR 72.1.  Petitioner is further advised that failure to file a timely objection to this Supplemental Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___23rd___ day of ____February_, 2007.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

3